IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTHONY C. MATHIS, SR., § | | |
| Plaintiff, § | | |
| § | | |
| v. § | 3:09-CV-2195-L | |
| § | | |
| DALLAS VA HEALTH CARE, § | | |
| Defendant. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is an unspecified *pro se* civil action.

Parties: Plaintiff is a resident of Dallas, Texas. Defendant is the Dallas VA Health Care. No process has been issued in this case pending preliminary screening.

Statement of Case: On November 17, 2009, Plaintiff filed this action complaining that Defendant unreasonably delayed his surgery (to implant a hear peacemaker) scheduled for May 1, 2008, at 6:00 a.m. He claims he "was passed over, when [he] should have been first."

On November 19, 2009, the magistrate judge issued a deficiency and order, which required Plaintiff to file a complaint in compliance with Fed. R. Civ. P. 8(a), and complete a financial affidavit in support of his motion to proceed *in forma pauperis*. The deficiency order cautioned Plaintiff that failure to comply with the order would result in the dismissal of his

action for want of prosecution.

On December 15, 2009, the court granted Plaintiff an extension of time to comply with the court's deficiency order. Plaintiff did not comply. However, on January 15, 2010, he filed a Notice of Withdrawal, advising the court that he "did not know that he could file for a review of the tort claim decision," and stating that he "is filing for a review of [the] tort claim decision." (Doc. #7.) By order filed January 20, 2010, the court granted Plaintiff until February 4, 2010 to comply with the deficiency order. The court advised Plaintiff that this would be his "last opportunity to comply with the court's deficiency order. Otherwise, the court will construe his Notice of Withdrawal as a request for a voluntary dismissal under Fed. R. Civ. P. 41(a)(1)(A)(i) and dismiss this case."

As of the date of this recommendation, Plaintiff has failed to submit a complaint in compliance with Rule 8(a) as required by the court's deficiency order. On January 26, 2010, he filed only an affidavit in support of his motion to proceed *in forma pauperis*.

Findings and Conclusions: In light of Plaintiff's Notice of Withdrawal, his failure to comply fully with the deficiency order, and the January 20, 2010 order, the District Court should construe the Notice of Withdrawal as a request for a voluntary dismissal under Fed. R. Civ. P. 41(a)(1)(A)(i) and dismiss this case without prejudice.

Alternatively, the Court should dismiss this case for want of prosecution. Rule 41(b), of the Federal Rules of Civil Procedure, allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127(5th Cir. 1988). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket

and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Plaintiff has been given ample opportunity to submit a complaint in compliance with Rule 8(a). He has refused or declined to do so. Therefore, the Court should dismiss this action without prejudice for want of prosecution. *See* Fed. R. Civ. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified); *Callip v. Harris County Child Welfare Department*, 757 F.2d 1513, 1519 (5th Cir. 1985) (setting out higher standard for dismissals with prejudice for want of prosecution).[1]

RECOMMENDATION:

For the foregoing reasons, it is recommended that the complaint be DISMISSED without prejudice in light of Plaintiff's January 15, 2010 Notice of Withdrawal. Alternatively, it is recommended that the complaint be DISMISSED without prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

---

[1] Since Plaintiff's claims stem from events that occurred on May 1, 2008, no statute of limitations appears to be implicated under either the Federal Tort Claims Act or *Bivens v. Six Unknown Named Agents of the Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999 (1971), and the court need not apply the higher *Callip* standard of review. *See* 28 U.S.C. § 2401(b) (tort claim against the United States is barred unless presented in writing to the appropriate federal agency within two years of the date of accrual, or unless action is begun within six months of the final agency ruling); *Pena v. United States*, 157 F.3d 984, 987 (5th Cir. 1998) (recognizing a two-year limitations period for *Bivens* claims brought in Texas).

It is further recommended that Plaintiff's motions to proceed *in forma pauperis*, to appoint counsel, and for review of tort claim (Doc. #2-3 and #7) be DENIED without prejudice.

Signed this 17th day of February, 2010.

_/s/ Wm. F. Sanderson, Jr._
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.